IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
IN ADMIRALTY

No. 7:14-CV-77-F

| | |
|---|---|
| In the Matter of: )<br>)<br>Bald Head Island Transportation, Inc. )<br>("Owner"), Bald Head Island Limited )<br>LLC ("Manager") and M/V ADVENTURE, )<br>Official No. 916323, together with her )<br>Engines, Tackle and Apparel for )<br>Exoneration from or Limitation of Liability ) | O R D E R |

This matter comes before the court on motion by Plaintiffs to clarify the court's amended scheduling order. [DE-55]. Claimants have responded in opposition. [DE-58]. The matter is ripe for a ruling and for the reasons stated below, the motion is allowed in part.

## BACKGROUND

Plaintiffs, Bald Head Island Transportation, Inc., and Bald Head Island Limited LLC, as the alleged owner and manager/owner *pro hac vice* of the vessel M/V ADVENTURE, respectively, filed a verified complaint seeking exoneration from or limitation of liability by vessel owner in this admiralty action. [DE-1] ¶¶ 2, 4.[1] According to the complaint, on December 17, 2013, the passenger ferry M/V ADVENTURE (the "Vessel") ran aground on a sandbar in the Cape Fear River, North Carolina, southeast of marker 16 and Battery Island, during the course of its 9:00 a.m. ferry run from Deep Point Marina, Southport, North Carolina, to the Village of Bald Head Island, North Carolina (the "Voyage"). *Id.* ¶ 5. Plaintiffs have alleged further that the

---

[1]According to the complaint, Plaintiff Bald Head Island Transportation is a North Carolina Corporation with its principal place of business in Brunswick County, North Carolina; Bald Head Island Limited LLC is a Texas limited liability company with its principal place of business in Brunswick County, North Carolina. [DE-1] ¶¶ 2, 4.

Vessel sustained damage as a result of the Voyage, and that certain passengers and members of the Vessel's crew have alleged injuries and damages proximately caused by the voyage. *Id.* ¶¶ 6, 8. Plaintiffs instituted this action on April 23, 2014, pursuant to 46 U.S.C. § 30501, *et seq.*, Fed. R. Civ. P. 9(h) and Rule F of the Supplemental Rules for Admiralty or Maritime Claims ("Supplemental Rules"), seeking exoneration from or limitation of liability of any claim or damage arising from the Voyage. On April 29, 2014, the district court approved as security for the benefit of Claimants an Ad Interim Stipulation ("Stipulation") of not less than or equal to Plaintiffs' interest in the Vessel and their pending freight in the amount of $500,000. [DE-9]. As part of its order, the court enjoined the commencement or further prosecution of any action against Plaintiffs with respect to any claims for which Plaintiffs seek exoneration from and/or limitation of liability arising out of the incident alleged in the complaint. *Id.* On May 1, 2014, the clerk of this court issued notice of Plaintiffs' complaint pursuant to 46 U.S.C. § 30501 *et seq.*, directing all persons having claims for loss, destruction or damage arising out of the Voyage to file such claims on or before June 15, 2014 or be defaulted. [DE-11].

The court is unaware of any actions filed in other fora asserting claims arising from the Voyage, and following the district court's injunction, five individuals ("Claimants") timely filed answers to Plaintiffs' complaint, and asserted claims against Plaintiffs in this forum. In particular, Claimants Strickland, Springmeier, Donecker and Scearce filed claims under Supplemental Rule F(5), the maritime law of the United States and 28 U.S.C. § 1333, purportedly reserving their rights to proceed in a forum of their choice outside the petition for

2

exoneration/limitation after those issues have been resolved.[2] Each of these Claimants is alleged to have been a passenger aboard the vessel at the time of the Voyage and each asserts purported causes of action of negligence and punitive damages. [DE-18] ¶¶ 2, 28-34; [DE-23] ¶¶ 2, 28-34; [DE-25] ¶¶ 49-56; [DE-29] ¶¶ 2, 28-34. Claimant Cockerell has filed her claim pursuant to Supplemental Rule F(5), the maritime laws of the United States, 28 U.S.C. § 1333, as well as the Jones Act, 46 U.S.C. § 30104. [DE-20] ¶ 1. Cockerell alleges that at all relevant times she was a seaman under the Jones Act acting as a crew-member and deck-hand aboard the Vessel. *Id.* ¶ 3. Cockerell has purportedly reserved her right to proceed in the forum of her choice outside the petition for exoneration/limitation after such issues have been resolved. *Id.* ¶ 4. Cockerell asserts purported claims of negligence under the Jones Act, unseaworthiness, maintenance and cure and punitive damages. *Id.* ¶¶ 30-49. All Claimants admit to the admiralty and maritime jurisdiction of the court for purposes of determining the exoneration/limitation action, but specifically demand the right to a jury trial in a forum of their choice. [DE-35, 42, 43, 45, 46]. Furthermore, each Claimant disputes the sufficiency of the Stipulation and that Plaintiffs are entitled to limitation or exoneration. [DE-35]; [DE-42] ¶¶ 11, 16; [DE-43] ¶¶ 11, 16; [DE-45] ¶¶ 11, 16; [DE-46] ¶¶ 11, 16. All Claimants reside in Brunswick County except Donecker who resides in New Hanover County. [DE-29] ¶ 2; [DE-23] ¶ 2, [DE-18] ¶ 2; [DE-25] ¶ 2; DE-20] ¶2.

In support of their claims, Claimants allege that Plaintiffs' senior management

---

[2] Claimant Scearce was dismissed from this action upon the court's approval of a settlement agreement between Plaintiffs and Scearce which was unopposed by other Claimants with the understanding that settlement with Scearce would not reduce the limitation fund. [DE-62].

3

encouraged and directed its captains to operate their vessels outside marked navigation channels in order to shorten the distance and time required for the voyage, to reduce fuel and to make up for late departures from the marina. [DE-18] ¶¶ 11, 31-24; [DE-20] ¶¶ 12-13, 46-49; [DE-23] ¶¶ 31-34; [DE-29] ¶¶31-34. According to Claimants, members of Plaintiffs' management were actually aboard the Vessel at the time of the Voyage allegedly condoning the captain's negligent operation of the Vessel. *See* Cl.'s Brf. [DE-58] at 2 (citing Pl.'s Initial Discl. [DE-58-1]). Claimants further describe Plaintiffs' purported policy of directing their captains to depart from marked channels for reasons including "fuel savings [and] making up time, etc." *Id.* at 3 (citing Ex. E. [DE-58-5]).

On July 25, 2014, the parties submitted their Joint Rule 26(f) Report ("Discovery Plan") [DE-47] in which the parties agreed that the discovery and trial schedule should be bifurcated into two phases: a liability phase (Phase I) and a damages phase (Phase II). *Id.* at 2.[3] On August 21, 2014, after having conferred with the parties, this court entered a scheduling order, adopting the parties' bifurcation proposal. [DE-51]. In particular, the court's order stated:

> As described by the parties in the Discovery Plan, this action will be bifurcated into two phases, wherein the primary focus of Phase I will be issues related to exoneration and limitation of liability under Rule F of the Supplemental Rules; in the event there are parties remaining in this action at the conclusion of Phase II and who proceed in this court, the focus of Phase II will be Claimants' respective damages.

---

[3]The parties also agreed in their Discovery Plan that all other issues raised by the pleadings, except as noted elsewhere within the plan, including the nature, sum and quantum of damages, medical issues, impairment, disability, losses, pain and suffering, lien rights will be subject to discovery during Phase II. [DE-47] ¶ 3(iv). The Discovery Plan provided also that the parties reserved the right to seek leave of court to expand the scope of discovery conducted in Phase I. *Id.* ¶ 3(v). The court's scheduling order did not disturb this portion of the parties agreed-to plan. [DE-51] at 2.

4

*Id.* at 1. On September 25, 2014, upon the parties' joint motion, certain dates in Phase I of the scheduling order were modified without effecting the bifurcation of the issues as set out in the scheduling order. [DE-54].

According to Plaintiffs' instant motion and Claimants' response, the parties disagree whether, pursuant to the scheduling order, Plaintiffs' liability for punitive damages is an issue that may be determined along with all issues of liability within Phase I before this court, or in Phase II, either in this court or in the forum of Claimants' choice. [DE-55]. In other words, the issue has been framed should the court's adjudication of liability related to exoneration and liability within Phase I of this lawsuit include determining Plaintiff's liability for punitive damages.

## DISCUSSION

The dispute between the parties results from the friction created by the nature of the claims before the court. *In re Hill*, 935 F. Supp. 710, 711 (E.D.N.C. 1996). Plaintiffs bring their petition in admiralty pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq*. According to the Act, a vessel owner's liability for a personal injury claim may be limited to the value of the vessel and its pending freight if the act or condition giving rise to the alleged injury occurred without the privity or knowledge of the owner. *Id.* § 30505(a)-(b). Once a limitation action is filed, the district court must enjoin the prosecution of any claims subject to the limitation action. Fed. R. Civ. P. Supplemental Rule F(3). Sitting in admiralty the court then conducts a concursus, in which the court determines whether there was negligence and, if so, whether it was without the privity and knowledge of the vessel owner. *Hill*, 935 F. Supp. at 711 (citing *In re Great Lakes Dredge & Dock Co.*, 895 F. Supp. 604, 608 (S.D.N.Y. 1995)).

5

Because no right to a jury trial exists in actions in admiralty and because the court has enjoined claimants from prosecuting any state court action on their claims arising from the Voyage, this procedure denies claimants their right to pursue their claims before a jury.[4] *Id.* (citing *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20 (1963)). This result necessarily conflicts with 28 U.S.C. § 1333, providing that district courts shall have exclusive original jurisdiction of "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

As recognized by several courts, the Limitation of Liability Act was intended to be a shield for vessel owners to limit liability for losses occasioned without privity or knowledge, rather than a sword to deprive claimants of their common law rights. *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985); *In re Complaint of Cameron Boat Rentals, Inc.*, 683 F. Supp. 577, 582 n.6 (W.D. La. 1988) (citations omitted); *see also Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 449-50 (4th Cir. 1999) (remanding to the district court with instructions, in the event that limitation is denied, to lift the stay and provide claimants a choice to pursue their claims in the limitation action or revive their original actions wherein they demanded jury trials).

It has been recognized under some circumstances, however, that the court in which the limitation action is pending has equitable discretion in choosing the course of action where

---

[4] Each claimant asserts that once the limitations action has concluded, if limitation is denied, they wish to pursue claims in the forum of their choice and before a jury. There is no dispute that Claimants are entitled a jury trial on their claims arising under North Carolina tort law. Claimant Cockerell's admiralty claims of unseaworthiness and maintenance and cure arising from the same nucleus of operative fact as her Jones Act claim may be heard before a jury. *See Hill*, 935 F. Supp. at 712 n.3 (citations omitted).

6

litigation arising out of the same mishap is ongoing in another court. *See Cameron Boat Rentals, Inc.*, 683 F. Supp. at 581 (collecting cases); *In re Mississippi Limestone Corp.*, No. 4:09-CV-00036-SA-DAS, 2010 WL 4174631, at *2 (N.D. Miss. Oct. 7, 2010). In *Cameron*, the district court sitting in admiralty tried the limitation action having enjoined the claimants' suits pending in another forum and, within the limitation action determined the viability of a punitive liability claims. In noting its equitable discretion in choosing the course of action in the limitation action, the court identified two situations where the failure to modify its injunction to permit the outside actions to resume is an abuse of discretion:(1) where there is a single claimant and (2) where multiple claimants are not competing because the limitation fund is adequate. 683 F. Supp. at 581. The court went on to recognize that "once limitation is denied it is up to the Claimants rather than the court whether the proceedings will continue in place or the injunction will be dissolved to permit resumption of the other action." *Id.* (citing *Wheeler*, 764 F.2d at 1101)). Yet the court held that the scope of the limitation action may include a determination of punitive liability. *Id.* In fact, the court opined that in the interest of judicial economy, some admiralty courts may keep the suit, even after limitation is denied and that the court is within its discretion to do so. Other factors to be considered by the court in deciding whether trial of liability would encompass punitive liability include the preclusive effect of its proceedings on any jury rights the parties may have. *Id.* at 582 n.6. The court should also consider "the likelihood that the same witnesses would, to their inconvenience, be called upon to give the same testimony in another court or be recalled for additional testimony in this court if all liability issues were not tried at once." *Id.* Ultimately, the *Cameron* court denied limitation and exoneration of liability finding negligence within the privity of the boat owners. *Id.* at 585. The court also found that Plaintiff's

liability included punitive liability and that they should respond accordingly in an amount to be determined by the court deciding damages. The court dissolved the injunction to permit claimants to pursue their claims for damages including punitive damages filed elsewhere.

Applying these principles to the instant case, this court finds that the interests of judicial economy weigh in favor of this court deciding whether Plaintiffs may be subject to punitive liability as part of this court's overall determination of liability, similar to that court's treatment of the issue in *Cameron*. For one, the factual bases of Claimant's punitive liability appear similar to that of the evidence of Plaintiffs' privity and knowledge. Moreover, there appears to be a likelihood that witnesses will be called for the same or similar testimony in another court or recalled here to this court if all liability issues are not tried at once. Finally, a determination on whether Plaintiffs may be subject to punitive liability will have a preclusive effect on the issue and thereby avoid the risk of inconsistent verdicts on the issue if Claimants were to pursue such claims separately in other fora. *See Hill*, 935 F. Supp at 712. To the extent Claimant's argument may be construed to mean that any ruling on punitive damages must be made by a jury, such argument is unfounded. *See* Cl.s' Br. at 8 (citing N.C. Gen. Stat. § 1D-30). Rather, the court's determination on punitive liability will be a legal determination of whether Claimants have satisfied the elements to take the issue of punitive damages to a trier of fact. *See e.g., Russ v. Causey*, 732 F. Supp. 2d 589, 609 (E.D.N.C. 2010) (finding plaintiffs had put forward sufficient evidence of deputies' willful and wanton conduct to create a genuine issue of material fact thereby allowing plaintiff's punitive damages claim under § 1D-15 to go forward to trier of fact); *George v. Greyhound Lines, Inc.*, 210 N.C. App. 388, 393, 708 S.E.2d 201, 205 (2011) (trial court's finding that plaintiff failed to prove willful or wanton conduct by clear and convincing

8

evidence was implicit in court's finding that plaintiff had failed to make prima facie case for an award of punitive damages). Claimants' jury rights are therefore not infringed. Going forward, in the event limitation is allowed, this court shall determine Claimants' damages consistent with the Limitation Act. However, if limitation is denied, the court shall lift the injunction and permit Claimants' remaining issues to be determined in the forum of their choice. Accordingly, to the extent Claimants show that Plaintiffs are subject to punitive liability, Claimants will be entitled to have a jury determine whether to award punitive damages and the amount of any such damages in the forum of their choice.

## CONCLUSION

For the reasons stated above the Plaintiffs' motion is allowed in part.

So ordered, the 23rd day of December 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

9

Case 7:14-cv-00077-F   Document 63   Filed 12/23/14   Page 9 of 9